## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**Case No.**

**MIGUEL A. CEDENO,**

Plaintiff,                                    **JURY TRIAL DEMANDED**

v.                                            **INJUNCTIVE RELIEF SOUGHT**

**INDEPENDENCE CAPITAL
RECOVERY LLC,** and **OMNIPOINT
MANAGEMENT SOLUTIONS LLC,**

Defendants.

_____/

## COMPLAINT

Plaintiff Miguel A. Cedeno ("Plaintiff") sues Independence Capital Recovery LLC and Omnipoint Management Solutions LLC (collectively, the "Defendants") for violations of the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

Page **1** of **13**

## PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Lee County, Florida.

4.      Defendant Independence Capital Recovery LLC ("ICR") is a Delaware corporation, with its principal place of business located in Venice, Florida.

5.      Defendant Omnipoint Management Solutions LLC ("Omnipoint") is a New York limited liability company, with its principal place of business located in West Seneca, New York.

## DEMAND FOR JURY TRIAL

6.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7.      On a date better known by ICR, ICR began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt, Finwise / LendingPoint, and Plaintiff (the "Subject Service").

9.      On a date better known by ICR, ICR purchased the Consumer Debt from the original creditor, Finwise / LendingPoint, and became the current creditor of the Consumer Debt.

10.     The Subject Service was primarily for personal, family, or household purposes.

11.     In particular, the Consumer Debt relates to unsecured line of credit ending in 6618.

12.     ICR is a "person" within the meaning of Fla. Stat. § 559.72.

13.     Omnipoint is a "person" within the meaning of Fla. Stat. § 559.72.

14.     On June 02, 2025, ICR was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent ICR had to communicate with Plaintiff directly; **[3]** ICR was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

15.     ICR received the Notice on June 02, 2025.

16.     Attached as Exhibit "A" is the Notice.

17.     Upon receipt of the Notice, ICR knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

18.     Upon receipt of the Notice, ICR knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

19.     Upon receipt of the Notice, ICR knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

20. By and through the Notice, ICR had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

21. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that ICR was not permitted to contact Plaintiff directly, ICR contracted with Omnipoint to collect, or attempt to collect, the Consumer Debt from Plaintiff.

22. In contracting with Omnipoint to collect, or attempt to collect, the Consumer Debt from Plaintiff, ICR disclosed to Omnipoint that, *among other things*: [1] the existence of the Consumer Debt; [2] the creditor of the Consumer Debt; and [3] the amount of the Consumer Debt.

23. In contracting with Omnipoint to collect, or attempt to collect, the Consumer Debt from Plaintiff, ICR disclosed to Omnipoint that, *among other things*: [1] Plaintiff disputed the Consumer Debt; [2] Plaintiff was represented by an attorney with respect to the Consumer Deb; and [3] provided Omnipoint with information sufficient to allow Omnipoint to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

24. On a date better known by Defendants, Omnipoint, on behalf of ICR, began attempting to collect the Consumer Debt from Plaintiff.

25.    Omnipoint is a business entity engaged in the business of soliciting consumer debts for collection.

26.    Omnipoint is a business entity engaged in the business of collecting consumer debts.

27.    Omnipoint regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

28.    Omnipoint is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

29.    Omnipoint's "Consumer Collection Agency" license number is CCA9904672.

30.    Omnipoint maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

31.    The records specified by Rule 69V-180.080, Florida Administrative Code, of which Omnipoint does maintain, are current to within one week of the current date.

32.    For Omnipoint's "Consumer Collection Agency" license to remain valid, Omnipoint is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

33. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Omnipoint *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

34. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Omnipoint *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

35. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and Plaintiff could not be contacted directly, ICR, by and through Omnipoint, sent Plaintiff a letter, internally dated April 06, 2026, (the "Collection Letter") in an attempt to collect the Consumer Debt.

36. Attached as Exhibit "B" is a copy of the Collection Letter.

37. The Collection Letter is a communication from ICR by and through Omnipoint.

38. The Collection Letter is a communication from ICR to Plaintiff in connection with the collection of the Consumer Debt.

39. The Collection Letter is a communication from Omnipoint to Plaintiff in connection with the collection of the Consumer Debt.

40. The Collection Letter represents an action to collect a debt by ICR.

41.     The Collection Letter represents an action to collect a debt by Omnipoint.

42.     The Collection Letter fails to disclose or communicate to Plaintiff that the Consumer Debt is disputed.

43.     Receiving the Collection Letter caused Plaintiff to waste time.

44.     Plaintiff would not have received the Collection Letter and expended time deliberating what action was required in respond to the Collection Letter had Defendants communicated directly with Plaintiff's attorney as requested by Plaintiff in the Notice.

45.     Plaintiff wasted time opening and reviewing the Collection Letter, as well as wasted time questioning why Plaintiff received the Collection Letter instead of Plaintiff's attorney.

46.     The Collection Letter caused Plaintiff to be confused as to why Plaintiff was receiving direct communications regarding the Consumer Debt, as Plaintiff knew ICR was notified that Plaintiff was represented by an attorney, disputed the Consumer Debt, and that all communications concerning the Consumer Debt was to be directed to Plaintiff's attorneys.

47.     The Collection Letter communicates credit information by representing the Consumer Debt as in default with payment past-due and otherwise outstanding,

identifying the creditor of the Consumer Debt, and stating the amount of the Consumer Debt purportedly owed to ICR.

48.    The Collection Letter fails to communicate that the Consumer Debt is disputed by Plaintiff.

## COUNT 1
## VIOLATION OF FLA. STAT. § 559.72(18)
(against ICR)

49.    Plaintiff incorporates by reference paragraphs 7 through 48 of this Complaint.

50.    Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address*…." Fla. Stat. §559.72(18) (emphasis added).

51.    As stated above, ICR knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of June 02, 2025. Despite knowing this, ICR communicated and/or contact Plaintiff directly, by and through the Collection Letter it (ICR) contracted with Omnipoint to send, in connection with the collection of the Consumer Debt.

52.   Accordingly, ICR violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter it (ICR) contracted with Omnipoint to send to Plaintiff.

53.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against ICR, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting ICR from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF FLA. STAT. § 559.72(6)
(against ICR)

54.   Plaintiff incorporates by reference paragraphs 7 through 48 of this Complaint.

55.   Pursuant to § 559.72(6) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.*" Fla Stat. § 559.72(6) (emphasis added).

56.   As stated above, after ICR was notified on June 02, 2025, that Plaintiff disputed the Consumer Debt by and through the Notice, ICR contracted with

Omnipoint to collect, or attempt to collect the Consumer Debt from Plaintiff. In so doing, ICR disclosed to Omnipoint the existence of the Consumer Debt, that the Consumer Debt was owed to ICR by Plaintiff; and that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt. Thus, to the extent Omnipoint claims it *was not* notified by ICR that Plaintiff disputed the validity of the Consumer Debt, ICR violated § 559.72(6) by failing to disclose to Omnipoint that that fact when contracting with Omnipoint to collect, or attempt to collect the Consumer Debt.

57.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against ICR, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting ICR from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)
(against Omnipoint)

58.    Plaintiff incorporates by reference paragraphs 7 through 48 of this Complaint.

59.     Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

60.     As set forth above, in contracting with Omnipoint to collect, or attempt to collect, the Consumer Debt, ICR informed Omnipoint that Plaintiff was represented by an attorney with respect to the Consumer debt and provided Omnipoint with information sufficient to allow Omnipoint to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

61.     Accordingly, Omnipoint violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

62.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Omnipoint, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### <u>VIOLATION OF 15 U.S.C. § 1692e(8)</u>
(against Omnipoint)

63. Plaintiff incorporates by reference paragraphs 7 through 48 of this Complaint.

64. Pursuant to § 1692e(8) of the FDCPA, debt collectors are prohibited from communicating with "any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

65. As set forth above, Omnipoint knew that Plaintiff disputed the Consumer Debt because, in contracting with Omnipoint to collect, or attempt to collect, the Consumer Debt, ICR informed Omnipoint that Plaintiff disputed the Consumer Debt. As mentioned above, however, the Collection Letter fails disclose or otherwise communicate to Plaintiff that the Consumer Debt is disputed.

66. Thus, Omnipoint violated § 1692c(a)(2) of the FDCPA by failing to communicate and/or disclose in the Collection Letter that the Consumer Debt is disputed.

67. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Omnipoint, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable

attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court

deems appropriate under the circumstances.

DATED: May 18, 2026

Respectfully Submitted,

 /s/ Talal Rashid

**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:   Talal@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:   305-332-6201

*COUNSEL FOR PLAINTIFF*